**STATE of Maine**

v.

**James A. PELLETIER.**

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 23, 1992.

Decided Jan. 24, 1992.

Janet T. Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty., Auburn, for state.

Edward Rabasco, Jr., Dionne, Croteau & Gosselin, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and CLIFFORD, JJ.

ROBERTS, Justice.

James A. Pelletier appeals his convictions following a jury trial in Superior Court (Androscoggin County, *Alexander, J.*) of operating a motor vehicle while in habitual offender status and failure to stop for a police officer. Contrary to Pelletier's only contention on appeal, we conclude that the court did not err in excluding irrelevant evidence pursuant to M.R.Evid. 401 and we affirm the judgments.

Livermore Falls police officers had stopped Pelletier while he was operating a pickup truck because the officers had reason to believe Pelletier's right to operate was under suspension. As the officers approached the pickup, Pelletier sped away. The officers pursued Pelletier to a woods road where they were forced to stop and radio for help. After a few minutes, a state police trooper arrived with his K9 unit, King. One of the officers, accompanied by the trooper and his dog, proceeded along the road to where they found the pickup abandoned in a field. After King had sniffed the driver's side of the pickup, he led the officers to where Pelletier was lying barefoot in the grass under a tree.

At trial Pelletier attempted to introduce evidence that King had bitten him twice after he found Pelletier. On appeal Pelletier argues that the court's refusal to permit cross-examination of the officer and the trooper about the bites violated M.R.Evid. 401 and his constitutional right of confrontation. We disagree. At no time during the trial or in his appellate brief has Pelletier demonstrated the relevance of the excluded evidence. He argues that the fact the dog bit him "is entirely probative on the issue whether ... the dog was tracking the scent from the driver's seat." In the absence of either authority for, or demonstrable logic in, Pelletier's contention, we decline to accept his ipse dixit.

The entry is:

Judgments affirmed.

All concurring.